UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| v. | Case No. 23-cr-20100 |
|  | HON. MATTHEW F. LEITMAN |

CAROLINE DAVIS,

Defendant.

_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States, through undersigned counsel, hereby submits this sentencing memorandum regarding Caroline Davis.  As further explained below, the United States respectfully asks the Court to sentence Ms. Davis to three years of probation on each count, to run concurrently, with no fine.  The United States further requests that the period of time Ms. Davis has already served on probation for her conviction in the Middle District of Tennessee count toward any sentence of probation she may receive in this Court.  While Ms. Davis's criminal conduct is serious, she entered a guilty plea early, has expressed sincere remorse for her conduct, and has testified truthfully at three trials in the District of Columbia, two in the Middle District of Tennessee, and at the trial of seven co-defendants here in the Eastern District of Michigan.  For these and the following reasons, a sentence

1

of three years of probation on each count, to run concurrently, with no fine, is a just sentence for Ms. Davis.

## I. Relevant Factual and Procedural History

On August 8, 2023, pursuant to a Rule 11 Plea Agreement, Ms. Davis pleaded guilty to one misdemeanor conspiracy count, in violation of 18 U.S.C. § 371, and one misdemeanor FACE Act count, in violation of 18 U.S.C. § 248(a)(1). (ECF No. 115, PageID.428, ECF No. 117, PageID.438).  The charges arise from Ms. Davis's participation in the August 27, 2020 blockade of the Northland Family Planning Clinic (NFPC) in Sterling Heights, Michigan.  Ms. Davis, under the leadership and direction of Defendant Calvin Zastrow, used her body to physically block patients and employees of NFPC from obtaining or providing reproductive health services.  Her conduct, along with that of her co-conspirators, caused Patient A to suffer hours of delay in accessing medically necessary reproductive health services.  Their conduct also caused Patient A tremendous emotional anguish; Patient A's much-desired pregnancy was not viable.  On the day that Patient A and her family arrived at NFPC, Ms. Davis and her co-conspirators blocked her from medical care while tormenting her by yelling into her car (despite knowing nothing about the devastating circumstances that brought her to the clinic) that she was a murderer and that she did not have to "kill" her baby.

Ms. Davis and her co-conspirators' conduct put many patients and employees of NFPC in fear.  Patients and employees expressed feeling afraid and intimidated by the defendants' conduct; they feared for their physical safety and for their privacy.

## II.    Plea Agreement

Ms. Davis accepted responsibility for her actions early in the litigation of this matter.  On August 8, 2023, she pleaded guilty to a two-count superseding information pursuant to a plea agreement.  (ECF No. 115, PageID.428).  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the government agrees to move to dismiss the pending indictment if the Court accepts the plea agreement and imposes a sentence consistent with its terms.  (ECF No.117, PageID.439–40).   Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government recommends that Ms. Davis's sentence not exceed the top of her guideline range as determined by the Court, and the parties recommend that the Court impose a 1-year term of supervised release.  (ECF No.117, PageID.447–48).

## III.    Cooperation Agreement

Ms. Davis also agreed to cooperate early in the litigation of this matter.  The Government submits that she has fully complied with the terms of the cooperation agreement.  She has provided complete and truthful information, and has testified truthfully in six federal criminal trials.  Under the terms of the cooperation

agreement, the Government agreed that, in exchange for Ms. Davis's substantial assistance, the Government would recommend that Ms. Davis be sentenced to a term of three years' probation.

## IV.   Presentence Report

In its Presentence Report, the United States Probation Office determined that the Guidelines do not apply because the counts of conviction are Class B misdemeanors.  ECF No.143 ¶ 18.  The Government agrees with this determination.  Pursuant to USSG § 1B1.9, the Court may impose any sentence authorized by statute for a Class B misdemeanor.  These include a maximum term of imprisonment of six months for each count, and a period of supervised release of not more than one year.  18 U.S.C. §§ 248(b)(1), 3583(b)(3).  Because the offenses are misdemeanors, Ms. Davis is also eligible for up to five years of probation, to run concurrently, for each offense.  18 U.S.C. §§ 3561(c)(2), 3564(b).

## V.   Sentencing Recommendation

The Government recommends that this Court impose a sentence of three years' probation.  Although the sentencing guidelines to not apply to the counts of conviction in this case, the 18 U.S.C. § 3553(a) factors remain relevant.  *See, e.g.,* *United States v. Mckibben*, 2022 WL 2681971, at *5 (S.D. Ohio July 7, 2022) (considering § 3553(a) factors while determining misdemeanor sentence); *United States v. Gibson*, 896 F.2d 206, 210 (6th Cir. 1990) (noting that the sentencing

guidelines do not apply to misdemeanors, and finding no abuse of discretion in district court's imposition of consecutive sentences where district court made findings consistent with § 3553(a) factors).  Those factors include the need for the sentence imposed to (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).  Section 3553(a) also requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and then impose a sentence sufficient to comply with these purposes.

Considering these factors, a sentence of three years' probation is sufficient but not greater than necessary.  While Ms. Davis's criminal conduct was serious, and caused serious harm, Ms. Davis has shown sincere remorse and the utmost respect for the law since her separation from her co-defendants.  The government does not see any need to further deter Ms. Davis from criminal conduct or protect the public from further crimes.  She has credibly explained that, although she takes ownership of her own choices, her decision to participate in the blockade of NFPC was heavily influenced by her co-defendants. ECF No.143 ¶ 17.  Before meeting Calvin Zastrow and her co-defendants, Ms. Davis's criminal record was clean.

Since breaking free of their influence, Ms. Davis's criminal record has been similarly spotless. The Government views Ms. Davis's criminal conduct as an aberration instigated in no small part by what Ms. Davis describes as being groomed in the cult-like situation she encountered when she met Defendant Zastrow.

The Government also notes the Ms. Davis suffered serious emotional and physical abuse as a child and was denied basic educational opportunities. ECF No.143 ¶¶ 26, 40. This does not excuse her conduct, but does provide context for why she may have been particularly vulnerable to her co-defendants' influence.

Throughout her cooperation in this case, Ms. Davis has been thoughtful and forthright. She has been careful in ensuring that the information she provided, and the testimony she gave, was as accurate as possible. Ms. Davis strikes the Government as an extremely bright young person who has the potential and determination to make a positive difference in her community.

## VI. Conclusion

For these reasons, the Government respectfully recommends that this Court sentence Ms. Davis to a term of three years of probation, with credit for the time she has already served.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov

Frances Lee Carlson
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9696
frances.carlson@usdoj.gov

Sunita Doddamani
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9573
sunita.doddamani@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov

1