UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Case No. 23-cr-20100
HON. MATTHEW F. LEITMAN

D-1   CALVIN ZASTROW,
D-2   CHESTER GALLAGHER,
D-3   HEATHER IDONI,
D-4   CAROLINE DAVIS,
D-5   JOEL CURRY,
D-6   JUSTIN PHILLIPS,
D-7   EVA EDL, and
D-8   EVA ZASTROW,

Defendants.
_____/

**REPLY TO DEFENDANT GALLAGHER'S RESPONSE TO GOVERNMENT'S MOTION PURSUANT TO PRESIDENTIAL PARDON**

On February 7, 2025, following the President's full and unconditional pardons of the defendants in this matter, the Government moved to vacate the defendants' convictions and dismiss the charges against them with prejudice. ECF No. 387, PageID.4458.  Defendants Davis, Curry, Phillips, and Edl consented to that motion. On February 14, 2025, Defendant Gallagher filed a response in opposition, and on February 19, 2025, Defendant C. Zastrow joined that opposition.  ECF No. 388, PageID.4462; ECF No. 389, PageID.4467.  Defendants E. Zastrow and Idoni have

1

neither consented to nor opposed the motion to dismiss. Because the full and unconditional pardons of the defendants render the case against them moot, leaving no case or controversy to be decided, the Court should grant the motion to dismiss.

**I.     The presidential pardons mooted the prosecution of Gallagher and C. Zastrow.**

Gallagher and C. Zastrow argue that, even though they have accepted full and unconditional pardons, this Court should not dismiss the case. However, the presidential pardons mooted the criminal case, leaving no case or controversy for this Court or an appellate court to decide.

The judicial power of federal courts extends only to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. "To qualify as a case fit for federal adjudication, 'an actual controversy must be extant at all stages of review." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The presidential pardons issued to Gallagher and C. Zastrow mooted the cases against them. Most obviously, as a result of the pardons, Gallagher and C. Zastrow face no punishment or legal disabilities. *See United States v. Noonan*, 906 F.2d 952, 958 (3d Cir. 1990) ("The pardon removes all legal punishment for the offense." (quoting *Bjerkan v. United States*, 529 F.2d 125, 128 n.2 (7th Cir. 1975) (citation omitted)); *Hirschberg v. CFTC*, 414 F.3d 679, 682 (7th Cir. 2005) ("[T]he legal effect of a presidential pardon is to preclude further punishment for the crime."). The presidential pardons relieved Gallagher and C.

Zastrow from "all disabilities imposed by the offence" and "restore[d] to him all his civil rights." *Knote v. United States*, 95 U.S. 149, 153 (1887); *accord Effects of a Presidential Pardon*, 19 Op. O.L.C. 160, 162 (1995) ("A presidential pardon relieves the offender of all punishments, penalties, and disabilities that flow directly from the conviction.").

Because Gallagher and C. Zastrow have been pardoned, no term of imprisonment or monetary penalties will result from the jury's finding of guilt. The presidential pardons also remove other disabilities that stem from a conviction. *See, e.g.*, 18 U.S.C. § 921(a)(20) (noting that a conviction "for which a person has been pardoned" does not constitute a conviction for purposes of Chapter 44 of Title 18 of the U.S. Code, which governs firearms restrictions); *see also Effects of a Presidential Pardon*, 19 Op. O.L.C. at 164-70 (presidential pardon removes state-law firearms disabilities that flow from the conviction and extends to remission of court-ordered restitution not yet received by the victim). Gallagher and C. Zastrow face no "collateral consequences" that would suggest a live controversy about the merits of the prosecution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (to defeat mootness, a defendant who has been released from prison must establish "some 'collateral consequence' of the conviction"); *see also Sibron v. New York*, 392 U.S. 40, 57 (1968) (defendant's appeal of criminal convictions moot where "there is no

possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction").

Gallagher and C. Zastrow suggest that a controversy exists because they may wish to engage in conduct prohibited by the FACE Act "at some point in the future" and thus are concerned that they "remain[] at risk for any similar actions undertaken in the future." ECF No. 388, PageID.4463. Gallagher and C. Zastrow thus openly admit that their concern is for *future* potential cases and controversies, not any currently existing one. Federal courts simply cannot issue advisory opinions. No such authority exists in our judicial system. *Muskrat v. United States*, 219 U.S. 346, 357 (1911).

## II.     Double Jeopardy bars future prosecution of the pardoned offenses.

Finally, Gallagher and C. Zastrow raise their concern that they will be "subject to the same action again." ECF No. 388, PageID.4464–65. This concern is misplaced. The Fifth Amendment's protection against double jeopardy bars future prosecution for the pardoned offenses. U.S. Const. art. V. Jeopardy attached in this case when the jury was sworn. *Crist v. Bretz*, 437 U.S. 28, 32–33 (1978); *Soto v. Siefker*, 79 F.4th 715, 719 (6th Cir. 2023). Moreover, the Government has moved for dismissal with prejudice, leaving no risk that any of the defendants in this case could be tried again for the pardoned offenses.

4

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court vacate the defendants' convictions and dismiss the charges against them with prejudice.

Respectfully Submitted,

Julie A. Beck
Acting United States Attorney

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov

Frances Lee Carlson
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9696
frances.carlson@usdoj.gov

Sunita Doddamani
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9573
sunita.doddamani@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and sent a copy of the foregoing document to the following non-ECF participants via email: **Heather Idoni** (heather@familyclassroom.net).

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov